UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO TAMAYO,

          Plaintiff,

    v.

J. GARCIA, et al.,

          Defendants.

Case No. 23-cv-01749-NW

**ORDER REFERRING MATTER FOR APPOINTMENT OF COUNSEL**

Plaintiff Sergio Tamayo, a state prisoner, filed the instant pro se civil rights lawsuit alleging several claims against Defendants, all of whom are correctional officers at Pelican Bay State Prison. *See* ECF No. 17. On February 3, 2026, the Court partially granted Defendants' motion for summary judgment and referred the remaining claim of excessive force to the Pro Se Settlement Program. *See* ECF No. 51. The parties were unable to reach an agreement. *See* ECF No. 53 (minute entry noting that matter did not settle).

During briefing for his motion for summary judgment, Tamayo requested that the Court appoint voluntary counsel to assist him. *See* ECF No. 40. At that time, the Court denied his request as premature. *See* ECF No. 43. While there is no right to assistance of counsel in 42 U.S.C. § 1983 lawsuits, the Court may exercise its discretion and "request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision whether to appoint an attorney rests within "the sound discretion of the trial court." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and the

United States District Court
Northern District of California

plaintiff's ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (citation modified). Here, Tamayo has shown that a triable issue of fact exists as to his claim of excessive force, and demonstrated a likelihood of success should a factfinder deem his testimony credible. Moreover, because this matter is proceeding to trial, the Court finds that the assistance of counsel is warranted.

Having determined that it would be beneficial to have counsel assist Tamayo in this matter, and good cause appearing, the Court hereby **REFERS** this action to the Federal Pro Se Program to secure pro bono counsel to represent Tamayo in this action. The scope of this referral shall be for all purposes.

The Clerk shall forward to the Federal Pro Se Program copies of:

1. this order;

2. the docket sheet;

3. the Amended Complaint (ECF No. 17),

4. the Court's order partially granting summary judgment (ECF No. 51).

Once the Federal Pro Se Program informs the Court that counsel has been secured, and counsel is appointed by the Court, the Court will schedule a case management conference so the matter can proceed to trial.

**IT IS SO ORDERED.**

Dated: April 21, 2026

_____
Noël Wise
United States District Judge