Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

**ATTORNEY FOR PLAINTIFF
SERGIO TAMAYO**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SERGIO TAMAYO,<br>Plaintiff,<br>v.<br>J. GARCIA, et al.,<br>Defendants. | Case No. 5:23-cv-01749-NW<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO DEPOSE WITNESS MANUEL GARCIA** |

Plaintiff moves for leave to depose witness Manuel Garcia, pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Civil L.R. 7-11 and 6-3, based upon the following:

Plaintiff filed this prisoner civil rights case pro se on April 12, 2023, alleging, among other things, that Defendant corrections officers used excessive force against him while he was in custody at Pelican Bay State Prison. Plaintiff continued to represent himself until the Court denied Defendants' motion for summary judgment on Plaintiff's excessive force claim and soon after appointed undersigned counsel on April 24, 2026. ECF 55.

On July 21, 2026, Plaintiff's counsel learned from Mr. Tamayo that someone with the last name "Garcia" who was at that time incarcerated at Folsom State Prison may have witnessed the use of force by Defendants against Mr. Tamayo at Pelican Bay State Prison on March 21, 2022. Katon Decl. ¶ 3. Plaintiff's counsel knew nothing more about Mr. Garcia and there were far too many Garcias at Folsom for him to try to figure out which one was the witness to the incident

between Defendants and Mr. Tamayo. *Id.* ¶ 4. Over the weekend of October 10, 2026, Plaintiff's counsel learned Mr. Garcia's first name, Manuel, and CDCR number. *Id.* ¶ 5.

On October 13, 2026, the first business day after Plaintiff's counsel learned the identity of Mr. Garcia, Plaintiff's counsel asked Defendants' counsel if he would stipulate to a motion for leave to depose Mr. Garcia past the discovery deadline.[1] *Id.* ¶ 6. Defense counsel would not so stipulate, pointing out that fact discovery was closed and pretrial filings are due within the next few weeks. *Id.* ¶ 7. Defense counsel did offer to enter the requested stipulation if the Court were to continue the trial and pretrial dates for several months. Plaintiff does not wish to move to continue trial.

During the three years the case was pending before Plaintiff's counsel was appointed, the only discovery conducted by Defendants was to depose Plaintiff. *Id.* ¶ 8. Defendants did not ask Plaintiff about witnesses to the use of force during the deposition. *Id.* Defendants also did not serve written discovery on Plaintiff that could have sought information about witnesses. *Id.* ¶ 9. Finally, Plaintiff suggested on July 14, 2026, that the parties exchange Initial Disclosures, which also would have revealed "Garcia" pursuant to Rule 26(a)(1)(A)(i). *Id.* ¶ 10. Defendants rejected the suggestion.

The Court's scheduling order set a fact discovery deadline of September 04, 2026. ECF 60. The Court has since extended that deadline as follows:

- Extend fact discovery to September 18, 2026 (ECF 67);
- Extend fact discovery to October 2, 2026, for sole purpose of the Rule 30(b)(6) depositions of CDCR witnesses (ECF 70);
- Extend fact discovery until November 13, 2026, for sole purpose of deposing incarcerated witness to use of force incident (not Mr. Garcia) (ECF 72);
- Pending stipulated motion to extend fact discovery for 30 days for sole purpose of deposing CDCR witness Sean Burris about incident report (ECF 73).

[1] Folsom State Prison, where Mr. Garcia is in custody, is outside the subpoena power of the Court for trial in person. *See* Fed. R. Civ. P. 45(c)(1).

It is submitted that given the several extensions already agreed upon to accommodate the parties' and witnesses' schedules, any prejudice to Defendants from also deposing Mr. Garcia, who is apparently an actual witness to the incident, would be de minimis. This especially true since Defendants did not avail themselves of the opportunity to learn of Mr. Garcia during discovery or from Plaintiff's proposed exchange of Initial Disclosures.

The Court should, therefore, grant Plaintiff's Administrative Motion For Leave To Depose Witness Manuel Garcia. The deposition should be taken as soon as practicable given that Mr. Garcia is incarcerated at Folsom State Prison and no later than November 16, 2026.

Respectfully submitted,

KATON.LAW

/s/ Glenn Katon
Glenn Katon

COUNSEL FOR PLAINTIFF TAMAYO