Glenn Katon SBN 281841
KATON.LAW
385 Grand Avenue, Suite 200
Oakland, CA 94610
gkaton@katon.law
(510) 463-3350
(510) 463-3349 (fax)

**ATTORNEY FOR PLAINTIFF SERGIO TAMAYO**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

SERGIO TAMAYO,

Plaintiff,

v.

J. GARCIA, et al.,

Defendants.

Case No. 5:23-cv-01749-NW

**DECLARATION OF GLENN KATON IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION FOR LEAVE TO DEPOSE WITNESS MANUEL GARCIA**

I, Glenn Katon, declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel for Plaintiff Sergio Tamayo in this case and make this declaration based upon my personal knowledge.

2. I was appointed by this Court to represent Mr. Tamayo on April 24, 2026. ECF 55.

3. On July 21, 2026, I learned from Mr. Tamayo that someone with the last name "Garcia" who was at that time incarcerated at Folsom State Prison may have witnessed the use of force by Defendants against Mr. Tamayo at Pelican Bay State Prison on March 21, 2022.

4. The description in the preceding paragraph was the full extent of what I knew about Mr. Garcia. I searched the online California Incarcerated Records and Information Search for prisoners with the last name "Garcia" who were in custody at Folsom. I stopped counting how many who fit that description when I reached around 20, and there were about 1,000 more CDCR records to review. I knew there was no realistic way I could find the "Garcia" who was a witness.

5. On or about October 10, 2026, I learned Mr. Garcia's first name, Manuel, and CDCR number.

6. On October 13, 2026, the first business day after I learned the identity of Mr. Garcia, I asked Defendants' counsel, Michael Quinn, if he would stipulate to a motion for leave to depose Mr. Garcia past the discovery deadline.

7. Defense counsel would not so stipulate, pointing out that fact discovery was closed and pretrial filings are due within the next few weeks. Defense counsel did offer to enter the requested stipulation if the Court were to continue the trial and pretrial dates for several months.

8. During the three years the case was pending before I was appointed, the only discovery conducted by Defendants of which I am aware was their deposition of Plaintiff. Defendants did not ask Plaintiff about witnesses to the use of force during the deposition.

9. Defendants also did not serve written discovery on Plaintiff of which I am aware that could have sought information about witnesses.

10. I suggested to Mr. Quinn on July 14, 2026, that the parties include in their joint case management statement an exchange of Initial Disclosures, which also would have revealed "Garcia" pursuant to Rule 26(a)(1)(A)(i). Defense counsel rejected the suggestion.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2026.

/s/ Glenn Katon
Glenn Katon